IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

QUA S. AUSTIN                                                                               PLAINTIFF

v.                                                         CIVIL ACTION NO.: 1:14-cv-00190-GHD-DAS

WELLS FARGO HOME MORTGAGE                                                    DEFENDANT

MEMORANDUM OPINION DENYING DEFENDANT'S MOTION TO DISMISS

Presently before the Court is a motion to dismiss for failure to state a claim [3] filed by Defendant Wells Fargo Home Mortgage. Plaintiff Qua S. Austin has not filed a response, and the time to do so has now passed. The motion is ripe for review. Upon due consideration, the Court finds that the motion is not well taken and should be denied.

*A. Factual and Procedural Background*

On September 8, 2014, Plaintiff Qua S. Austin ("Plaintiff") filed a wrongful foreclosure suit in the Chancery Court of Lowndes County, Mississippi. Plaintiff alleges that she was the owner of certain real property located in Lowndes County and that Defendant Wells Fargo Home Mortgage ("Wells Fargo")[1] acquired the subject property at a foreclosure sale by virtue of a Substituted Trustee's Deed, which was filed in the Office of the Chancery Clerk of Lowndes County. Plaintiff further alleges that the purchase price was $84,989.62, but the amount owed and past due under the deed of trust was much less than that amount. Plaintiff avers that the foreclosure was wrongful because Wells Fargo acquired the subject property in an amount in excess of the amount of the debt, but failed make an accounting of the property to Plaintiff and

---

[1] Wells Fargo maintains it is incorrectly identified as "Wells Fargo Home Mortgage" in Plaintiff's complaint and that its correct name is "Wells Fargo Bank, N.A." Throughout this opinion, the Court will refer to the defendant as "Wells Fargo."

1

failed to notify Plaintiff of the pending foreclosure orally or in writing and failed to notify Plaintiff of the foreclosure sale date as required by statute. Plaintiff seeks a preliminary injunction and permanent injunction to enjoin and stay the foreclosure of the real property by Wells Fargo. Plaintiff additionally seeks damages for her alleged injuries and reasonable attorney's fees associated with the bringing of this action.

On September 17, 2014, Wells Fargo was served with a copy of the summons and complaint. *See* Notice of Serv. of Process [1] at 5. Subsequently, on October 10, 2014, Wells Fargo timely removed the action to this Court on the basis of diversity jurisdiction. Plaintiff is a Mississippi citizen; Wells Fargo is a national bank and a citizen of South Dakota. The amount in controversy exceeds $75,000, because the subject property serves as collateral for a loan in the amount of $84,989.62. That same day, Wells Fargo filed the present motion to dismiss for failure to state a claim [3] to which Plaintiff has not filed a response.

## B. *Federal Rule of Civil Procedure 12(b)(6) Standard*

Motions to dismiss pursuant to Rule 12(b)(6) "are viewed with disfavor and are rarely granted." *Kocurek v. Cuna Mut. Ins. Soc'y*, 459 F. App'x 371, 373 (5th Cir. 2012) (citing *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003)). When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, — F. App'x —, 2014 WL 1388923, at *1 (5th Cir. 2014) (per curiam) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)); *Roebuck v. Dothan Sec., Inc.*, 515 F. App'x 275, 280 (5th Cir. 2013) (per curiam).

"[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." ' " *Phillips v. City of Dallas, Tex.*, —- F.3d —-, 2015 WL 1449903, at *1 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (per curiam) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.' " *Emesowum v. Hous. Police Dep't*, —- F.3d —-, 2014 WL 1347029, at *1 (5th Cir. Apr. 7, 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

*C. Analysis and Discussion*

Wells Fargo argues that Plaintiff's complaint fails to satisfy the Rule 12(b)(6) standard, because it asserts two moot causes of action with no factual support and makes a mere passing reference to an alleged tortious act. Wells Fargo maintains that Plaintiff's now-deceased husband executed a promissory note in the amount of $84,989.62 from Wells Fargo, along with a

3

corresponding deed of trust executed by both Plaintiff and her late husband. Wells Fargo further maintains that Plaintiff and her late husband defaulted on the loan which triggered an acceleration clause in the deed of trust, and as a result, Wells Fargo referred the loan to foreclosure. Plaintiff filed this suit to enjoin the foreclosure in the Chancery Court of Lowndes County. Wells Fargo removed the suit to this Court. Wells Fargo argues that the foreclosure sale was properly conducted on July 3, 2014; Wells Fargo's bid of $84,989.62 was the best and highest bid; and on July 9, 2014, the substituted trustee conveyed the property to Wells Fargo. Plaintiff filed this suit on September 8, 2014, approximately two months after the foreclosure sale was complete. Thus, Wells Fargo maintains that the relief sought by Plaintiff—to enjoin the foreclosure sale—is now moot. As stated above, Plaintiff has not filed a response to the motion to dismiss and the time for doing so has now passed.

"Once the right to foreclose is established, there cannot be a claim for wrongful foreclosure." *Smith v. Bank of Am., N.A.*, No. 2:11CV120–MPM–JMV, 2012 WL 4320845, at *4 (N.D. Miss. Sept. 20, 2012) (citing *Merchants Nat'l Bank, Vicksburg v. Se. Fire Ins. Co.*, 854 F.2d 100, 105 (5th Cir. 1988)). "So long as the lender complies with the terms of the note and Mississippi law—by following the statutory notice requirements and providing the borrower with an accounting of the sums necessary to cure the default—the foreclosure is valid." *Id.* (citing *Merchants Nat'l Bank*, 854 F.2d at 105) (citing Miss. Code Ann. §§ 89–1–55, 89–1–57, & 89–1–59); *West v. Nationwide Tr. Servs., Inc.*, No. 1:09cv295, 2009 WL 4738171, at *3 (S.D. Miss. Dec. 4, 2009)). "Mississippi recognizes a claim for wrongful foreclosure where 'an unlawful foreclosure is attempted solely from a malicious desire to injure the mortgagor; or . . . where the foreclosure is conducted negligently or in bad faith, to his detriment.' " *Stewart v. GMAC Mortg., LLC*, No. 2:10–cv–00149–DCB–JMR, 2011 WL 1296887, at *11 (S.D. Miss.

Mar. 31, 2011) (quoting *Nat'l Mortg. Co. v. Williams*, 357 So. 2d 934, 935–36 (Miss. 1978) (quoting 59 C.J.S. Mortgages § 535 (1971) (quotation marks omitted)). For a viable wrongful foreclosure claim to lie, an actual foreclosure must have taken place. *See Hopson v. Chase Home Fin. LLC*, 14 Supp. 3d 774, 794–95 (S.D. Miss. 2014) (citing *McKinley v. Lamar Bank*, 919 So. 2d 918, 930 (Miss. 2005); *Temple–Inland Mortg. Corp. v. Jones*, 749 So. 2d 1161, 1167 (Miss. Ct. App. 1999)). "A wrongful-foreclosure claim may . . . lie based on procedural shortcomings in the foreclosure process." *Brisby v. Moynihan*, No. 3:14cv47–DPJ–FKB, 2014 WL 2940874, at *2 (S.D. Miss. June 30, 2014) (quotation marks and citation omitted); *Teeuwissen v. JP Morgan Chase Bank, N.A.*, 902 F. Supp. 2d 826, 835 (S.D. Miss. 2011); *West*, 2009 WL 4738171; *Chase Home Fin., L.L.C. v. Hobson*, 81 So. 3d 1097, 1101 (Miss. 2012).

Plaintiff's allegations of wrongful foreclosure include two assertions of wrongdoing on the part of Wells Fargo. The Court will examine each assertion of wrongdoing in turn.

First, Plaintiff alleges that Wells Fargo "failed to notify Plaintiff of the pending foreclosure orally or in writing and failed to notify Plaintiff of the foreclosure sale date as required by statute." Pl.'s State-Ct. Compl. [2] ¶ XI. This allegation has no legal basis. The United States District Court for the Southern District of Mississippi has explained:

> Mississippi is a non-judicial foreclosure state. As such, Mississippi law does not require the mortgagee to directly notify the mortgagor of an impending foreclosure. *EB, Inc. v. Allen*, 722 So. 2d 555, 561 (Miss. 1998); *Admin. of May v. First Fed. Bank for Sav.*, 32 So. 3d 1227, 1229 (Miss. Ct. App. 2010); *see* Jeffrey Jackson & Mary Miller, 6 Encyc. Miss. Law. § 51:12. The Mississippi Code requires only that a notice be posted in the courthouse of the county where the land is situated, and that a notice of sale be published in a paper of general circulation. Miss. Code Ann. § 89–1–55.

*Pennell v. Wells Fargo Bank, N.A.*, 2012 WL 2873882, at *6 (S.D. Miss. July 12, 2012).

The Substituted Trustee's Deed attached to the complaint states that the foreclosure sale was conducted "after posting and publication of the Notice of Sale and [sic] required by the terms of said Deed of Trust and the law of the State of Mississippi, within legal hours (being between the hours of 11:00 a.m. and 4:00 p.m.)." *See* Substituted Tr.'s Deed [2] at 7. Furthermore, the notice of the sale is also attached to the complaint and provides that notice was made in the *Commercial Dispatch* four times consecutively, specifically on June 11, 2014; June 18, 2014; June 25, 2014; and July 2, 2014. *See* Notice of Sale [2] at 9. Clearly, Wells Fargo properly followed the posting and publishing requirements of the statute. Any additional notice requirements would have stemmed from the note and deed of trust. Plaintiff fails to point to any provision of the note and deed of trust that required personal notice of the foreclosure sale and instead references only the statutory requirements. Accordingly, these allegations do not state a claim for relief.

Next, Plaintiff alleges that Wells Fargo purchased the subject property at the foreclosure sale for an amount greater than what was owed and past due under her deed of trust and "failed to properly account for payments made on the indebtedness of acquired subject property." Pl.'s State-Ct. Compl. [2] ¶¶ VI, XI. Wells Fargo fails to address this allegation in its motion to dismiss. The deed of trust is not attached to Plaintiff's state-court complaint. Taking the allegation as true, as this Court must do on a Rule 12(b)(6) motion, the allegation supports a wrongful foreclosure claim based on "procedural shortcomings in the foreclosure process." *See Brisby*, 2014 WL 2940874, at *2. "[A] mortgagee such as [Wells Fargo] has a duty to account to the mortgagors for all sums due to bring the mortgage current prior to foreclosure, and . . . [Plaintiff has] stated a claim for wrongful foreclosure based on [Wells Fargo's] alleged failure to provide [Plaintiff] an accounting prior to foreclosure." *See Teeuwissen*, 894 F. Supp. 2d at 909

& n.6 (S.D. Miss. 2012) (citing *West*, 2009 WL 4738171). Under Mississippi law, an accounting is a "statement in writing of debits and credits or of receipts and payments." *Ward v. Life Investors Ins. Co. of Am.*, 383 F. Supp. 2d 882, 885 (S.D. Miss. 2005) (quoting *State ex rel. King v. Harvey*, 214 So. 2d 817, 819 (Miss. 1968)).

An aggrieved mortgagor ordinarily "may recover damages or have the foreclosure set aside." *West*, 2010 WL 3122801, at *3 (citing *Nat'l Mortg. Co.*, 357 So. 2d at 936). "The purpose of a preliminary injunction is to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 627 (5th Cir. 1985). The Court finds that, as Wells Fargo argues in its motion to dismiss, Plaintiff's request for a preliminary and permanent injunction against the foreclosure proceedings came after the foreclosure sale was complete, and is thus relief that cannot be granted. However, Plaintiff also seeks damages and attorney's fees. "Under Mississippi law, the measure of damages allowable to a mortgagor for a wrongful foreclosure sale fully executed, is the difference between the amount of his debt and the value of the land on the day of sale." *Blair v. GMAC Mortg., LLC*, No. 3:09CV10-SA-SAA, 2009 WL 324053, at *2 (N.D. Miss. Feb. 9, 2009) (citing *Fed. Land Bank v. Robinson*, 134 So. 180 (Miss. 1931)). Therefore, this measure of damages is available in the case *sub judice*.

For all of the foregoing reasons, the Court finds that Plaintiff has stated a wrongful foreclosure claim for damages, specifically, the difference between the amount of her debt and the value of the land on the day of sale, based on Wells Fargo's alleged failure to provide her with an accounting prior to foreclosure. To the extent she has attempted to urge any other allegations or claims, those allegations or claims are not well taken.

ACCORDINGLY, Wells Fargo's motion to dismiss for failure to state a claim [3] is DENIED.

An order in accordance with this opinion shall issue this day.

THIS, the 29nd day of April, 2015.

_____
SENIOR U.S. DISTRICT JUDGE