IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

QUA S. AUSTIN                                                                                    PLAINTIFF

v.                                                          CIVIL ACTION NO.: 1:14-cv-00190-GHD-DAS

WELLS FARGO HOME MORTGAGE                                                        DEFENDANT

MEMORANDUM OPINION GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Presently before the Court is a motion for summary judgment [51] filed by Defendant Wells Fargo Home Mortgage. Plaintiff Qua S. Austin has not filed a response, and the time to do so has now passed. The motion is ripe for review. Upon due consideration, the Court finds that the motion is well taken and should be granted.

*A. Factual and Procedural Background*

On September 8, 2014, Plaintiff Qua S. Austin ("Plaintiff") filed a wrongful foreclosure suit in the Chancery Court of Lowndes County, Mississippi.[1] Plaintiff alleges that she was the owner of certain real property located in Lowndes County and that Defendant Wells Fargo Home Mortgage ("Wells Fargo")[2] acquired the subject property at a foreclosure sale by virtue of a Substituted Trustee's Deed, which was filed in the Office of the Chancery Clerk of Lowndes

---

[1] Subsequently, Plaintiff filed a motion to amend [29] her complaint; the United States Magistrate Judge granted this motion in a subsequent Order [31]. Plaintiff then filed an amended complaint [33] to add the Secretary of Veterans Affairs as a defendant to the litigation. After engaging in some discovery, the parties filed a joint stipulation of dismissal with prejudice as to Defendant the Secretary of Veterans Affairs [44]. The Court subsequently entered an Order [45] terminating the Secretary of Veterans Affairs as a party defendant. On October 10, 2014, Wells Fargo timely removed the action to this Court on the basis of diversity jurisdiction. That same day, Wells Fargo filed a motion to dismiss for failure to state a claim [3]. Plaintiff did not file a response to the motion to dismiss. On April 22, 2015, the Court entered an Order [25] and memorandum opinion [26] denying the motion to dismiss Plaintiff's suit.

[2] Wells Fargo maintains it is incorrectly identified as "Wells Fargo Home Mortgage" in Plaintiff's complaint and that its correct name is "Wells Fargo Bank, N.A." Throughout this opinion, the Court will refer to the defendant as "Wells Fargo."

1

County. Plaintiff further alleges that the purchase price was $84,989.62, but the amount owed and past due under the deed of trust was much less than that amount. Plaintiff avers that after foreclosing on the property, Wells Fargo conveyed the property by special warranty deed to the Secretary of Veterans Affairs.

Plaintiff asserts that the foreclosure was wrongful because Wells Fargo acquired the subject property in an amount in excess of the amount of the debt, but failed make an accounting of the property to Plaintiff and failed to notify Plaintiff of the pending foreclosure orally or in writing and failed to notify Plaintiff of the foreclosure sale date as required by statute. Plaintiff seeks a judgment setting aside the foreclosure of the deed of trust. Plaintiff additionally seeks damages for her alleged injuries and reasonable attorney's fees associated with the bringing of this action.

On February 12, 2016, Wells Fargo filed the present uncontested motion for summary judgment [51].

### B. Federal Rule of Civil Procedure 36 Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). *See* Fed. R. Civ. P. 56(a); *Johnston & Johnston v. Conseco Life Ins. Co.*, 732 F.3d 555, 561 (5th Cir. 2013). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *See id.* at 323, 106 S. Ct. 2548. "An issue of fact is material only if its resolution could affect the outcome of the action." *DeBlanc v. St. Tammany Par. Sch. Bd.*, No. 15-30367, 2016 WL 672870, at *2 (5th Cir. Feb. 18, 2016) (per curiam) (quoting *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 877 (5th Cir. 2003) (quoting *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 408 (5th Cir. 2002) (internal quotation marks omitted))).

Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S. Ct. 2548; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

It is axiomatic that in ruling on a motion for summary judgment "[t]he evidence of the nonmovant is to be believed[ ] and all justifiable inferences are to be drawn in his favor." *Tolan v. Cotton*, —— U.S. ——, ——, 134 S. Ct. 1861, 1863, 188 L. Ed. 2d 895 (2014) (per curiam) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)); *see, e.g., Ard v. Rushing*, 597 F. App'x 213, 217 (5th Cir. 2014) (per curiam) (quoting *United Fire & Cas. Co. v. Hixson Bros., Inc.*, 453 F.3d 283, 285 (5th Cir. 2006) (on summary judgment, " '[w]e view the evidence in the light most favorable to the non-moving party' ")). The Court " 'resolve[s] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts.' " *Thomas v. Baldwin*, 595 F. App'x 378, 378 (5th Cir. 2014) (per curiam)

(quoting *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (internal quotation marks and citation omitted)). "[T]he nonmoving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.' " *Id.* at 380 (quoting *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

"[A] 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.' " *Cotton*, 134 S. Ct. at 1866 (quoting *Anderson*, 477 U.S. at 249, 106 S. Ct. 2505); *see Stewart v. Guzman*, 555 F. App'x 425, 430 (5th Cir. 2014) (per curiam) (citing *Vaughn v. Woodforest Bank*, 665 F.3d 632, 635 (5th Cir. 2011) (In ruling on a summary judgment motion, "[w]e neither engage in credibility determinations nor weigh the evidence.")). With the foregoing standard in mind, the Court turns to the issues before it.

### C. Analysis and Discussion

Wells Fargo argues in its motion for summary judgment that the Court should deny the sole remaining claim asserted against it in Plaintiff's amended complaint, namely, that Wells Fargo failed to properly account for payments made on the indebtedness of the subject property. In the Court's prior ruling on Wells Fargo's motion to dismiss, the Court dismissed Plaintiff's allegation of insufficient notice of the foreclosure for failure to state a claim under Mississippi law, but sustained Plaintiff's allegation of failure to provide an accounting, finding that the allegation supported a wrongful foreclosure claim based on procedural shortcomings in the foreclosure process.

Wells Fargo maintains that Plaintiff's now-deceased husband executed a promissory note in the amount of $94,860 on February 10, 2000, and that Wells Fargo began servicing the mortgage in 2006 and acquired it from the Secretary of Veteran's Affairs in 2015. Wells Fargo

4

further maintains that Plaintiff's payments between 2012 and 2013 were intermittent, and that Wells Fargo notified her on February 3, 2014 that the loan was in arrears and sent her a series of letters thereafter. Wells Fargo maintains that on April 2, 2014, it sent Plaintiff a "[n]otice of important information about the delinquent status of her mortgage," which provided Plaintiff with an accounting of the sums necessary to cure the default as required by Mississippi law. Thus, Wells Fargo maintains that the subsequent foreclosure sale on July 3, 2014, which resulted in a successful credit bid, was proper and that Plaintiff has introduced no evidence to show otherwise. Wells Fargo attaches to its motion copies of the deed of trust, as well as the series of letters sent to Plaintiff concerning the mortgage, and the substituted trustee's deed.

Plaintiff has not filed a response. The motion is now ripe, and the Court finds that Wells Fargo's arguments in support of dismissal are well taken.

"Once the right to foreclose is established, there cannot be a claim for wrongful foreclosure." *Smith v. Bank of Am., N.A.*, No. 2:11CV120–MPM–JMV, 2012 WL 4320845, at *4 (N.D. Miss. Sept. 20, 2012) (citing *Merchants Nat'l Bank, Vicksburg v. Se. Fire Ins. Co.*, 854 F.2d 100, 105 (5th Cir. 1988)). "So long as the lender complies with the terms of the note and Mississippi law—by following the statutory notice requirements and providing the borrower with an accounting of the sums necessary to cure the default—the foreclosure is valid." *Id.* (citing *Merchants Nat'l Bank*, 854 F.2d at 105) (citing Miss. Code Ann. §§ 89–1–55, 89–1–57, & 89–1–59); *West v. Nationwide Tr. Servs., Inc.*, No. 1:09cv295, 2009 WL 4738171, at *3 (S.D. Miss. Dec. 4, 2009)). Under Mississippi law, an accounting is a "statement in writing of debits and credits or of receipts and payments." *Ward v. Life Investors Ins. Co. of Am.*, 383 F. Supp. 2d 882, 885 (S.D. Miss. 2005) (quoting *State ex rel. King v. Harvey*, 214 So. 2d 817, 819 (Miss. 1968) (internal quotation marks omitted)).

5

Among Wells Fargo's submissions with its motion for summary judgment are the following: a letter to Plaintiff's deceased husband dated February 17, 2014, including a computation of the then-current amount of Plaintiff's past due payments, the late charge balance, other fees, and unapplied funds to reflect the total delinquency as of February 17, 2014, *see* 2/17/2014 Letter [51-5] at 1; and a letter to Plaintiff's deceased husband dated April 2, 2014, including the total amount needed to reinstate or bring the account current, the amount of the principal obligation, the date through which the mortgage account was paid, the date of the last full payment, the current interest rate in effect for the mortgage, and the amount of late payment fees, *see* 4/2/2014 Letter [51-6] at 1. Although Wells Fargo should have been more thorough in its submissions, including not only the information included in the above letters, but also a "statement in writing of debits and credits or of receipts and payments," *see Ward*, 383 F. Supp. 2d at 885 (quoting *Harvey*, 214 So. 2d at 819), the Court finds that the information submitted satisfies the accounting requirement, particularly since Plaintiff has not challenged Wells Fargo's arguments or provided any evidence to the contrary.

ACCORDINGLY, no genuine dispute of material fact remains and summary judgment is appropriate. Thus, Wells Fargo's motion for summary judgment [51] is GRANTED; Plaintiff's claims are DISMISSED; and this case is CLOSED.

An order in accordance with this opinion shall issue this day.

THIS, the 28th day of March, 2015.

_____
SENIOR U.S. DISTRICT JUDGE